1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SHANY CO., LTD., | No. 2:11-CV-01112-KJM-EFB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CRAIN WALNUT SHELLING, INC., et al., | |
| Defendants. | |

Lim, Ruger & Kim, LLP ("counsel") applies *ex parte* to be relieved as counsel of record for plaintiff Shany Co., Ltd. Pl.'s *Ex Parte* Appl. ("Appl.") at 1, ECF No. 62. Also pending before the court are defendant Crain Walnut Shelling, Inc.'s motions to confirm arbitration award and to award attorneys' fees. Def.'s Mot. to Confirm Arbitration Award at 1, ECF No. 58; Def.'s Mot. for Attorney Fees at 1, ECF No. 55. Neither filing is opposed, but defendant raises concerns related to relieving plaintiff's counsel. Def.'s Response at 1, ECF No. 63. Finding all matters suitable for disposition without hearing, the court submits the matters on the papers. As explained below, the court GRANTS the application to withdraw as counsel and DENIES the motions to confirm arbitration award and to award attorneys' fees without prejudice.

Withdrawal of counsel is governed by Local Rule 182(d). Under the Rule, an attorney who seeks to withdraw must (1) give notice to the client and all parties who have appeared; (2) comply with the Rules of Professional Conduct of the State Bar of California; and (3) obtain leave of court. L.R. 182(d). The Rules of Professional Conduct require in turn that counsel take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel . . . ." CAL. R. PROF. CONDUCT 3-700(A)(2). Further, under the instant circumstances, counsel "may not request permission [from the court] to withdraw in matters pending," unless the "client knowingly and freely assents to termination of [counsel's] employment . . . ." *Id.* 3-700(C)(5).

Here, counsel has met all withdrawal requirements. First, counsel has provided notice to all parties who have appeared, including the represented defendants. Appl. at 5. Second, counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of plaintiff. Plaintiff knowingly and freely terminated counsel's employment in October 2012 and again requested that counsel formally withdraw as counsel of record in April 2014. Appl. at 4. Thus, in order to avoid prejudice to plaintiff, counsel must withdraw to permit substitution by new counsel of record. Additionally, as a corporation generally may not appear *pro se*, *see Bigelow v. Brady*, 179 F.3d 1164, 1165 (9th Cir. 1999), the court grants plaintiff thirty days to obtain new counsel before considering defendant's pending motions.

As set forth above, the motion to withdraw as counsel of record for plaintiff is GRANTED. Plaintiff is ordered to engage new counsel of record within thirty days of the filing of this order. Failure to do so will result in an order to show cause. Defendant's motions to confirm arbitration award and to award attorneys' fees are DENIED without prejudice. Defendant is directed to renotice the motions upon the close of the thirty-day period.

IT IS SO ORDERED.

DATED: June 3, 2014.

_____
UNITED STATES DISTRICT JUDGE

2