UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANY CO., LTD, | No. 2:11-cv-01112-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| CRAIN WALNUT SHELLING, INC., et al., | |
| Defendants. | |

On June 4, 2014, in granting the motion to withdraw brought by plaintiff's then-counsel, this court ordered plaintiff to engage new counsel of record within thirty days. (Order, ECF No. 65.) In the same order, the court also informed plaintiff that failure to engage new counsel would result in an order to show cause (OSC). (*Id.*) Because plaintiff did not comply with the court's order, on July 10, 2014, the court issued an OSC why plaintiff did not comply with the court's order and cautioned that potential sanctions could include monetary penalties and preclusion from opposing any re-noticed motions. (ECF No. 67.) The OSC was served by mail on plaintiff in South Korea on July 16, 2014. Plaintiff has not responded to the July 10 OSC or appeared in the action since the motion to withdraw was filed. (Order, ECF No. 71.) In light of those circumstances, on August 7, 2014, the court provided plaintiff one final opportunity to respond to the OSC. (*Id.*) The court cautioned that failure to respond would result in sanctions at the court's discretion. (*Id.*) Plaintiff still has not responded to the OSC. Hence, on October 31,

1

1  2014, the court issued an order sanctioning plaintiff in the amount of $500 and precluding it from
2  opposing the pending motions.  (ECF No. 74.)  As of the date of this order, plaintiff has not
3  remitted that amount or otherwise responded to any of the OSCs.
4          "The right of access to the courts . . . [is not] absolute or unconditional." *Green v.*
5  *Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) (cited by *Johns v. Town of Los*
6  *Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993)).  A district court has the inherent power to take
7  actions to protect the orderly administration of justice and to maintain the court's authority and
8  dignity.  *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).  The court
9  need not exhaust all of its sanctioning mechanisms before resorting to its inherent powers.  *Id.*
10          Here, relying on its inherent powers, the court finds it proper to subject plaintiff
11  Shany Co., Ltd to a pre-filing review order.  Accordingly, the court ORDERS that any future
12  complaints, petitions or requests filed by plaintiff Shany Co., Ltd in the United States District
13  Court for the Eastern District of California shall be subject to following pre-filing order:

    1. Any future complaint, petition or request filed by plaintiff in the United States District Court for the Eastern District of California shall contain the sentence "THIS COMPLAINT/PETITION IS FILED SUBJECT TO PRE-FILING REVIEW ORDER IN CASE NO. 2:11-cv-01112-KJM-EFB" in capital letters in the caption of the complaint, petition or request.

    2. Any such action will not be permitted to proceed until Shany Co., Ltd satisfactorily complies or shows why it did not comply with any of this court's OSCs.

    3. The Clerk shall not file the complaint, petition or request until it is reviewed and a determination is made by the assigned District Judge whether the case may proceed consistent with this order.

    IT IS SO ORDERED.

DATED:  January 23, 2015.

                                      UNITED STATES DISTRICT JUDGE