UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANY CO., LTD., | No. 2:11-CV-01112-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| CRAIN WALNUT SHELLING, INC., et al., | |
| Defendants. | |

A petition to confirm arbitration award (Def.'s Pet., ECF No. 58. (Pet.)) and a motion for attorneys' fees (Mot. for Att'y Fees, ECF No. 55), both filed by defendant Crain Walnut Shelling, Inc. (defendant or Crain), are currently pending before the court. Finding the matters suitable for disposition on the papers, the court submitted them without argument. As explained below, the court GRANTS defendant's petition to confirm arbitration; and GRANTS in part and DENIES in part defendant's motion for attorneys' fees.

I.   RELEVANT BACKGROUND

This case arises out of an alleged breach of a promise by Crain to deliver walnuts to Shany for Shany's confectionary products. (First Am. Compl. ¶¶ 6–9, ECF No. 17 (Compl.).) Plaintiff Shany Co., Ltd. (plaintiff or Shany) is a Korean corporation with a principal place of business in the Republic of Korea. (*Id.* ¶ 4.) Crain is a California corporation with a principal place of business in Los Molinos, California. (*Id.* ¶ 5.)

On February 7, 2011, Crain filed a request for arbitration with the International Chamber of Commerce's International Court of Arbitration (ICC court) against Shany to recover the difference between the alleged contract price for walnuts and the cover price.[1] (Reynoso Decl., Ex. 1 (Arb. Award) ¶¶ 4 & 18, ECF No. 58-2.) Shany challenged the arbitrator's authority to determine the arbitrability of the claims and alleged it never entered into an arbitration agreement. (Arb. Award ¶ 18 & ECF No. 51 at 5.) On April 25, 2011, Shany commenced this action, seeking (1) a declaration that the "Terms and Conditions" incorporated by reference into the contract, including the arbitration clause, were not enforceable against it; and (2) to enjoin the arbitration. (FAC ¶¶ 15, 18.) On July 13, 2011, Shany filed a motion for preliminary injunction, seeking an order restraining Crain from proceeding with the arbitration. (ECF No. 8.) The parties agreed to stay the arbitration pending a ruling on that motion. (Arb. Award ¶ 24.) On June 1, 2012, the court denied Shany's motion and concluded, "the ICC rules, incorporated into Crain's terms and conditions, give the arbitrator the authority to determine arbitrability." (ECF No. 51 at 15.)

The arbitration hearing was held September 12–13, 2013, in San Francisco, California by a videoconference. (Arb. Award ¶ 49.) Shany did not participate. (*Id.*) The arbitrator issued its final award on March 18, 2014. (*Id.* at 76.) In the final award, the arbitrator ruled and ordered, in part, as follows:

> (b) Respondent Shany is liable to [Crain] for breach of the Disputed Contract.
>
> (c) Respondent Shany shall pay to [Crain] damages in the amount of $726,023.50.
>
> (d) Respondent Shany shall pay to [Crain] pre-award interest in the amount of $258,384.09.
>
> (e) Respondent Shany shall pay to [Crain] the sum of $332,507.19 for its costs and legal fees incurred in connection with this arbitration.

/////

---

[1] The ICC court case number is 17730/CYK/RD.

      (f)    Respondent Shany shall bear the full costs of the arbitration fixed at $75,000.  Since [Crain] has paid this entire sum in the form of an advance on costs, Respondent Shany shall reimburse [Crain] in the amount of $75,000.

      (g)    All other requests and claims are rejected.

(*Id.* ¶ 299.)

Crain filed its petition to confirm arbitration award and motion for attorneys' fees in this court on April 15, 2014.  (ECF Nos. 55, 56, & 58.)  Shany did not oppose either filing.  Crain filed its replies on May 16, 2014 (ECF Nos. 59 & 60), and on the same day, Shany's counsel applied to be relieved as counsel.  (ECF No. 62.)  The court granted the request and ordered Shany to engage new counsel of record within thirty days of the filing of the order.  (ECF No. 65 at 2.)   The court also denied Crain's petition and motion without prejudice and directed Crain to re-notice them upon the close of the thirty-day period.  (*Id.*)  Shany did not comply with the court's order, and on July 10, 2014, the court ordered Shany to show cause why sanctions, including monetary penalties and preclusion from opposing any re-noticed motions, should not be imposed.  (ECF No. 67.)  The order to show cause was mailed to Shany in South Korea on July 16, 2014.  (ECF No. 71.)

Crain re-noticed its amended petition to confirm arbitration award and motion for attorneys' fees on July 11, 2014.  (ECF Nos. 68, 69.)  The court issued another order to show cause on August 7, 2014.  (ECF No. 71.)  Shany again did not respond.  On October 30, 2014, the court issued an order precluding Shany from opposing Crain's petition and motion and sanctioning Shany in the amount of $500.  (ECF No. 74.)  As of the date of this order, Shany has not remitted that amount and has not retained counsel.

II.    DISCUSSION

    A.    Confirmation of Arbitration Award

Crain seeks to confirm the arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 9.  (Pet. at 11, ECF No. 58.)

Section 9 of the FAA provides, "any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award,

3

and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The FAA gives courts "only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Indeed, judicial confirmation of an award is required "even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal quotation marks omitted). "An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of the law." *Id.* (internal citations and quotation marks omitted); *see also Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991). Thus, confirmation of an arbitration award typically "is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175-76 (2d Cir. 1984)).

Here, the court finds confirming the arbitrator's decision appropriate. Despite additional time granted by this court, Shany did not file an opposition to Crain's petition or otherwise move to vacate, modify, or correct the arbitration award. Nor has Shany engaged new counsel of record, as ordered by this court. (ECF No. 74.) The court has reviewed the record in this matter, the applicable case law, the partial and final arbitration awards, and the declarations and memoranda submitted by Crain. Applying the deferential standard of review required, this court concludes the arbitrator's decision was rational, within the scope of his powers, and was not based on manifest disregard for the law. *See French*, 784 F.2d at 906. Based on these findings, the court grants Crain's petition to confirm the arbitration award.

B.  Attorneys' Fees

Crain claims it is entitled to attorneys' fees under its contract with Shany and California Civil Code section 1717. (Def.'s Mem. in Support of Mot. for Atty's Fees (Mem.) at 2, ECF No. 56.) Crain seeks $158,989.00, the total amount of attorneys' fees incurred in this action through July 10, 2014. (Supp. Reynoso Decl. ¶ 6, ECF No. 70.)

Section 1717 of the California Civil Code provides in "any action on a contract," the prevailing party "shall be entitled to reasonable attorney's fees" if the contract so provides. The California Supreme Court has emphasized that a trial court is "*obligated* to award attorney fees[] whenever the statutory conditions have been satisfied." *Hsu v. Abbara*, 9 Cal. 4th 863, 872 (1995) (emphasis in original).

California courts liberally construe the term "on a contract" in section 1717. *Dell Merk, Inc. v. Franzia*, 132 Cal. App. 4th 443, 455 (2005). "As long as the action 'involve[s]' a contract it is 'on [the] contract' within the meaning of [s]ection 1717." *Id.* The Ninth Circuit emphasizes this language "is interpreted liberally," and an action is "on a contract" whenever "the underlying contract between the parties is not collateral to the proceedings but plays an integral part in defining the rights of the parties." *Barrientos v. 1801–1825 Morton LLC*, 583 F.3d 1197, 1216 (9th Cir. 2009) (internal quotation marks omitted). Where a contract is silent as to the meaning of the term "prevailing party," California courts look to whether a party has prevailed in the "ordinary and popular sense" and whether a party has "realized its litigation objectives." *Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998).

Here, the action is "on a contract" within the meaning of section 1717 because the entire action was based on the allegations that the parties entered into a contract to buy and sell walnuts. (Compl. ¶¶ 6–9.) The "Terms and Conditions," which are incorporated into the disputed contract between Crain and Shany, provide as follows:

> 14. Damages. The parties shall not recover incidental or consequential damages. In the event of arbitration or litigation arising out of or in connection with this Contract, the prevailing party shall recover from the losing party all costs and expenses, including reasonable attorney's fees.

(Arb. Award ¶ 102.) Crain is the prevailing party in this action because this court denied Shany's motion to enjoin the arbitration, Crain received a judgment from the arbitration tribunal in its favor, and, as set forth above, the court grants Crain's petition to confirm the arbitration award. *See Latinamerican Theatrical Grp., LLC v. Swen Int'l Holding*, No. 13-01270, 2013 WL 5563749, at *1 (C.D. Cal. Oct. 7, 2013).

/////

To calculate attorneys' fees, California courts use the lodestar approach. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The court arrives at the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* The party seeking attorneys' fees bears the burden of showing the requested rate is reasonable. *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 98 (2009). To make this determination, the court should consider "such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002) (citations omitted). After the court has performed the lodestar calculation, "it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure." *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095–96 (2000). "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982).

1. Hours Expended

Crain seeks attorneys' fees its counsel incurred since the inception of this action in April 2011, including attorneys' fees incurred in connection with the pending petition. (Mem. At 12, ECF No. 56.) Through July 10, 2014, the total amount of time Crain's attorneys expended on this action is 391.9 hours. (Supp. Decl. of Gabriel Reynoso ¶ 5 & Ex. 1, ECF No. 70 (Supp. Reynoso Decl.).) Shany has not filed an opposition to Crain's motion for attorneys' fees.

Crain argues it has been forced to incur a significant amount of attorneys' fees in defending this action because of "Shany's uncooperative conduct in this lawsuit." (Mem. At 7, 8, ECF No. 56.) Crain submits its attorneys' fees were both reasonable and necessary for its representation in this action. (*Id.* at 12.)

In making its determination of reasonableness, the court considers a number of factors, including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Group*, 22 Cal. 4th at 1096 (quoting *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623–24 (1976)). In addition, in determining a prevailing party's attorneys'

6

fees, the court must consider as a "crucial factor" the extent of the party's success. *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 989 (2010).

Substantial evidence must support the fee award. *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008) (citing *Macias v. Hartwell*, 55 Cal. App. 4th 669, 676 (1997)). "The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim." *Kearney*, 553 F. Supp. 2d at 1185. The party opposing the fee application has "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992); *see also Premier Med. Mgmt., Inc. v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 564 (2008) ("In challenging attorney fees as excessive because too many hours or work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.").

Absent specific objections by Shany, and considering the documentation provided by Crain in support of its fees and the record in this matter, the court finds the total time expended by Crain's counsel was reasonable. *See Quinones v. Chase Bank USA, N.A.*, No. 09-2748, 2011 WL 6325880, at *3 (S.D. Cal. Dec. 16, 2011); *see also Latinamerican Theatrical Grp., LLC*, 2013 WL 5563749, at *2.

    2.    <u>Reasonable Hourly Rate</u>

Crain seeks the following hourly rates for its attorneys and paralegals:

| **Attorney, Paralegal, Law Clerk or Case Clerk** | **2011** | **2012** | **2013** | **2014** |
|---|---|---|---|---|
| Richard Rogan (partner) | 635.00 | N/A | N/A | N/A |
| Paul Warner (partner) | 625.00 | 650.00 | 685.00 | 710.00 |
| Gabriel Reynoso (associate) | 395.00 | 415.00 | 435.00 | 455.00 |
| Edita Pereira (paralegal) | 275.00 | 290.00 | N/A | N/A |
| Lara Nather (paralegal) | 250.00 | 265.00 | 285.00 | 290.00 |

| | | | | |
|---|---|---|---|---|
| Matthew Kaminski (law clerk) | 190.00 | N/A | N/A | N/A |
| Tanya Tilghman (case clerk) | N/A | N/A | N/A | 150.00 |
| Imelda Patts (case clerk) | 155.00 | 135.00[2] | 140.00 | N/A |

(Warner Decl., Ex. 2 at 16, ECF No. 56-3.)

In support of its attorneys' rates, Crain submits the declaration of Paul L. Warner, where Mr. Warner states he has been "a civil trial lawyer for approximately 40 years, all spent practicing in the Bay Area, and ha[s] tried over 100 cases to conclusion." (Warner Decl. ¶ 5, ECF No. 56-1.) Mr. Warner is "familiar with rates charged by attorneys for similar commercial cases," and based on his experience, "the rates charged by [his law firm] are consistent with the rates charged by other firms in the Bay Area for similar legal services." (*Id.*) Attached to Mr. Warner's declaration are the bios of each attorney and legal professional who billed time in this matter. (*Id.* Ex. 2.) The bios set forth that Mr. Rogan is a partner whose practice emphasizes financial transactions, bankruptcy, and commercial law, (*Id.* Ex. 2 at 9–12) and that Mr. Reynoso is a litigation associate with ten years of experience. (*Id.* at 3–8).

A reasonable hourly rate is "that prevailing in the community for similar work." *PLCM Group*, 22 Cal. 4th at 1095. In this case, the forum is the Eastern District of California, Sacramento Division. In the "unusual circumstances that local counsel is unavailable a trial court may consider out-of-town counsel's higher rates." *Rey v. Madera Unified School Dist.*, 203 Cal. App. 4th 1223, 1241 (2012) (citations omitted). The use of such higher rates "requires a sufficient showing that local counsel was impracticable." *Id.* (citing *Nichols v. City of Taft*, 155 Cal. App. 4th 1233, 1244 (2007)).

Here, the same counsel represented Crain in the arbitration before the commencement of this action in April 2011. (*See* Arb. Award ¶¶ 7, 18; ECF No. 1.) Crain could not be expected to hire new counsel to represent it in this action, which sought declaratory and

---

[2] Ms. Patt's hourly rate was $165.00 for work performed in January 2012. For all other billing statements in that year, her hourly rate was $135.00. (Warner Decl. Ex. 2.)

injunctive relief in connection with the same arbitration.  Therefore, it is appropriate to apply the prevailing rates for the community in which Crain's counsel is located, San Francisco.  *See Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, No. 11-1787, 2012 WL 538263, at *7 (E.D. Cal. Feb. 17, 2012) (applying prevailing rates in San Francisco, where the defendant's counsel was based, and not the forum district of Sacramento because counsel had extensive first-hand familiarity with the dispute between the parties (citing *PLCM Group*, 22 Cal. 4th at 1096)).

        A review of prevailing market rates in the San Francisco area as found by other sister courts supports the reasonableness of Crain's requested rates.  *See Echague v. Metro. Life Ins. Co.*, No. 12-00640, 2014 WL 4746115, at *3 (N.D. Cal. Sept. 24, 2014) ($650 per hour reasonable rate for attorney with extensive experience); *Iguacu, Inc. v. Filho,* No. 09-0380, 2014 WL 3668574, at *3 (N.D. Cal. July 23, 2014) ($625, $550, and $485 per hour reasonable for partners and $295 reasonable for associate); *Gutowski v. McKesson Corp.*, No. 12-6056, 2013 WL 3242265, at *3 (N.D. Cal. June 25, 2013) ($584 per hour reasonable for experienced attorney); *Minor v. Christie's, Inc.*, Nos. 08-05445, 09-00471, 2011 WL 902235, at *7 (N.D. Cal. Jan. 28, 2011) ($600–700 per hour reasonable for partners and $500 for associates in breach of contract action).

        However, the rates Crain requests for the paralegals, case clerks, and the law clerk significantly exceed prevailing market rates in the Bay Area.  *See Iguacu*, 2014 WL 3668574, at *3 (approving $200 rate for paralegal); *Echague*, 2014 WL 4746115, at *2 ($150 rate reasonable for paralegal); *Jackson v. City of Pittsburg*, No. 09-01016, 2013 WL 3187326, at *5 (N.D. Cal. June 21, 2013) (approving $125 rate for paralegal); *Transbay Auto Serv., Inc. v. Chevron U.S.A., Inc.*, No. 09-04932, 2013 WL 843036, at *2 (N.D. Cal. Mar. 6, 2013) ($75 per hour rates for law clerk and paralegal reasonable).  Considering the tasks performed, $200 is a reasonable rate for Ms. Pereira and Ms. Nather, and $75 for Mr. Kaminski, Ms. Tilghman, and Ms. Patts.

/////

/////

/////

/////

9

3.  Adjustments

Based on the adjusted rates for the paralegals, case clerks, and the law clerk, the court makes the following deductions:

Ms. Pereira             $   471.00

| Table 1: Amounts sought by Crain for paralegals, case clerks and law clerk | | | | | |
|---|---|---|---|---|---|
| Timekeeper | 2011 | 2012 | 2013 | 2014 | Total billed |
| Pereira | 4.6 hours x $275 rate $1,265 | 1.4 hours x $290 rate $ 406 | 0 | 0 | 6 hours $1,671.00 |
| Nather | 23.8 hours x $250 rate $6,902 | 35.7 hours x $265 rate $9,460.50 | 0 | 56 hours x $290 rate $16,240 | 115.5 hours $32,602.50 |

Ms. Nather          -     $ 9,502.50

Mr. Kaminski              $    402.50

Ms. Tilghman              $     30.00

Ms. Patts                 $    524.50

TOTAL:                    $10,930.50

These deductions, compared to the amounts requested, are calculated as follows:

| Kaminski | 3.5 hours x $190 rate $665 | 0 | 0 | 0 | 3.5 hours $665.00 |
|---|---|---|---|---|---|
| Tilghman | 0 | .4 hours x $150 rate $60 | | | .4 hours $60.00 |
| Patts | 4.2 hours x $155 rate $651 | .2 hours x $165 rate $33  1 hour x $135 rate $135 | 0 | 1.7 hours x $140 rate $238 | 7.1 hours  $1,057.00 |
| | | | | | $36,055.50 |

**Table 2: Allowable amounts for paralegals, case clerks and law clerk based on adjusted rates**

| Timekeeper | Total billed | Adjusted rate | Allowable amount |
|---|---|---|---|
| Pereira | 6 hours | $200 | $ 1,200.00 |
| Nather | 115.5 hours | $200 | $23,100.00 |
| Kaminski | 3.5 hours | $75 | $  262.50 |
| Tilghman | .4 hours | $75 | $   30.00 |
| Patts | 7.1 hours | $75 | $  532.50 |
| TOTAL | | | $25,125.00 |

Deducting the total deductions from the total attorneys' fees sought by Crain, $158,989, the court awards Crain $148,058.50 in attorneys' fees.

C.   Prejudgment Interest

Crain requests prejudgment interest on the arbitration award from the date it was issued until the date of this judgment. (Pet. at 13, ECF No. 58.)

Because this is a diversity action, state law determines the rate of prejudgment interest. *Am. Tel. & Tel. Co.*, 98 F.3d at 1209. Article 12 of the terms and conditions of the disputed contract between the parties provides that "[t]he contract shall be governed by the laws of the State of California including the Uniform Commercial Code as enacted in California." (Arb. Award ¶ 14.) California Civil Code section 3287 governs prejudgment interest. Section 3287(a) provides for recovery of prejudgment interest "whenever the amount of money due is liquidated—i.e., when the damages are certain, or capable of being made certain by calculation."

*Marine Terminals Corp. v. Paceco, Inc.*, 145 Cal. App. 3d 991, 994 (1983) (internal quotations omitted). Under section 3287(a), "[p]rejudgment interest must be granted as a matter of right if damages are certain or ascertainable, and the interest runs from the date when the damages are certain or ascertainable and when the sum due is made known to the defendant." *E.L. White, Inc. v. City of Huntington Beach*, 138 Cal. App. 3d 366, 377 (1982).

Here, Crain's damages are liquidated because they are certain or ascertainable. Specifically, Crain seeks the damages awarded in the arbitration award: $726,023.50 in damages (contract price – cover price + bagging costs). (Arb. Award at 73, ECF No. 58-2.) Accordingly, the court finds section 3287(a) applies, and Crain is entitled to prejudgment interest after March 18, 2014, the date the award was issued.

The court next considers the rate of prejudgment interest. California Civil Code section 3289 governs the rate of prejudgment interest in contract cases. *See* Cal. Civ. Code § 3289; *UBS Fin. Servs., Inc. v. Martin*, No. 13-1498, 2014 WL 2159280, at *8 (S.D. Cal. May 23, 2014). Section 3289 states in relevant part:

> (a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof as before, until the contract is superseded by a verdict or other new obligation.
>
> (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest the obligation shall bear interest at a rate of 10 percent per annum after a breach.

Cal. Civ. Code § 3289. Here, the contract does not stipulate a rate of interest. Therefore, the interest rate is 10 percent per annum.

III. CONCLUSION

For the foregoing reasons, Crain's petition to confirm the arbitration award is GRANTED. Crain is entitled to prejudgment interest at a rate of 10 percent. Crain's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. Crain is awarded attorneys'

/////
/////
/////
/////

fees in the amount of $148,058.50.  Judgment shall be entered in favor of Crain.  The Court Clerk is ordered to close the case.

        IT IS SO ORDERED.

DATED:  January 23, 2015.

                                              UNITED STATES DISTRICT JUDGE